OPINION
{¶ 1} Appellant, K.J.B., appeals the decision of the trial court denying his motion "to exclude press, close the courtroom, order non-disclosure of information from the police to the press, and nondisclosure of personal information of the juvenile parties." We affirm the trial court's decision.
 {¶ 2} On November 20, 2006, a complaint was filed alleging appellant to be a delinquent child for having committed gross sexual imposition in violation of R.C. 2907.05, and unlawful restraint in violation of R.C.2905.03. Appellant moved to exclude the press, *Page 2 
close the courtroom, order nondisclosure of information from the police to the press, and nondisclosure of personal information of the juvenile parties. Following a hearing on the motion, the trial court ordered that the media not disclose the identity of appellant or his parents, and prohibited the use of video or photographs of appellant. The trial court overruled the motion in all other respects. Appellant appeals, raising a single assignment of error in which he argues that the trial court abused its discretion in denying the motion.
 {¶ 3} Pursuant to Juv.R. 27 and R.C. 2151.35, juvenile courts have discretion to exclude the general public from juvenile proceedings. A trial court's decision to permit public access to a juvenile hearing will not be reversed absent an abuse of discretion. In re T.R. (1990),52 Ohio St.3d 6, 21. "An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude." State ex rel. Plain DealerPublishing Co. v. Geauga Cty. Court of Common Pleas, Juvenile Div.,90 Ohio St.3d 79, 82, 2000-Ohio-35.
 {¶ 4} Restricting public access to a delinquency proceeding is appropriate if, "after hearing evidence and argument on the issue, the court finds that (1) there exists a reasonable and substantial basis for believing that public access could harm the child or endanger the fairness of the adjudication, (2) the potential for harm outweighs the benefits of public access, and (3) there are no reasonable alternatives to closure." State ex rel. Plain Dealer Publishing Co. v. Floyd,111 Ohio St.3d 56, 2006-Ohio-4437, ¶ 27, quoting State ex rel. Plain DealerPublishing Co. v. Geauga Cty. Court of Common Pleas, Juvenile Div.,90 Ohio St.3d at 85. See, also, In re T.R. at paragraph three of the syllabus; State ex rel. Dispatch Printing Co. v. Lias (1994),68 Ohio St.3d 497, 1994-Ohio-335, paragraph one of the syllabus. The burden of establishing these factors is on the party seeking closure of the delinquency proceeding. Floyd at ¶ 27.
 {¶ 5} Upon review of the record in the instant matter we conclude that the trial court's decision denying appellant's motion does not constitute an abuse of discretion. See In re *Page 3 T.R. The trial court appropriately considered the potential harm to appellant, the benefits of public access, and ordered a reasonable alternative to closure. While the proceeding will remain open to the public, appellant's identity or likeness will not be revealed. The assignment of error is overruled.
 {¶ 6} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1